No. 889

GREEN v. STATE

Ohio Appeals, 4th Dist., Lawrence Co.

Decided Nov. 8, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**661. INTOXICATING LIQUOR.—490. Evidence.—Evidence that accused threw bottle of liquor from automobile, not sufficient to support conviction of unlawful possession.**

Error to Common Pleas.

Judgment reversed.

Irish & Riley, Ironton, for Green.
James Collier, Ironton, for State.

FULL TEXT.

SAYRE, PJ.

Green, Rose Christian and Mr. and Mrs. Elmer Cornell were riding on one seat in an automobile, pursued by prohibition officers in another automobile. Two bottles of whiskey were thrown from the side of the machine

where Green was sitting with Rose Christian on his lap. One of the officers says he saw Green throw one bottle out. Green and the other occupants of the machine say that Cornell threw out both bottles. Cornell was driving. Green was convicted of unlawful possession.

Putting aside the evidence of defendant's witnesses and accepting the officer's statement that he saw Green throw out one bottle, we are satisfied that the evidence does not prove possession on the part of Green. There is no evidence to show that it was his whiskey, that he was carrying it prior to the act of throwing or that he had anything to do with it except when he threw it. Everyone in the machine was naturally anxious to get rid of the whiskey as the officers approached. Green may have picked it up off the floor of the car or it may have been handed him to throw out. The mere taking hold of the bottle of liquor with the purpose of getting it out of the machine is not possession in our judgment. The state was required to show something more than this. The fact that it was thrown from Green's side of the car does not furnish the proof required as this does not show how Green came to get hold of the whiskey before he threw it out.

(Middleton and Mauck, JJ., concur.)